## DAVE BROWN v. STATE.

No. A-6734.  Opinion Filed April 18, 1928.
(266 Pac. 491.)

2

Cargill & Whiteside, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted of robbery with the use of firearms, and sentenced to death by electrocution. The facts in the case are as follows:

On the 17th day of March, 1927, there was filed by the county attorney of Alfalfa county information charging the defendant with the crime of robbing the Farmers' State Bank of Jet, Okla., with the use of firearms. On March 19, 1927, the defendant, Dave Brown, was brought before the district judge of Alfalfa county, and the district court was regularly convened, and defendant entered a plea of guilty to the charge in the information, and was sentenced by the district judge to death by electrocution on the 20th day of May, 1927. On the 21st day of March, 1927, there was filed in the district court of Alfalfa county a motion to set aside the judgment and sentence and recall the death warrant, and later an amended motion was filed, and an amendment to the motion, and, on April 16, 1927, the second amended motion was filed to set aside the judgment and sentence and recall the death warrant; the grounds upon which the defendant relied in his second amended motion being as follows:

"First. That said defendant, Dave Brown, is now and on the 19th day of March, 1927, a minor of the age of 19 years, and that said defendant did not have a full and complete preliminary hearing as provided by law, prior to the filing of the information in the district court in this case, and that, if a preliminary hearing was had, the de-

fendant was not advised as to his right to have counsel and attorneys at such preliminary hearing, and that said defendant was mentally incompetent to have waived a preliminary hearing.

"Second. That the record shows that the defendant was charged by complaint of the county attorney of Alfalfa county with this offense on the 15th day of March, 1927, and that on the same day said defendant was committed by the county judge of Alfalfa county, as examining magistrate, to jail, and bound to appear in the district court of said county, and that said record does not disclose that the defendant waived his right to plead or to have counsel, and that said defendant was incapable mentally of waiving such right.

"Third. That the defendant was not served with a copy of the information together with a list of the witnesses and their addresses, for two full days prior to the alleged hearing on March 19, 1927, and that said defendant was mentally incompetent to waive the same.

"Fourth. That the record does not disclose that the defendant entered any plea of guilty, and the defendant was mentally incompetent to waive the same.

"Fifth. That, if any plea was entered by the defendant, he did not realize the consequences of his acts, and the court did not fix the time for passing judgment and sentence, as required by law, and the defendant was not mentally capable of waiving the same.

"Sixth. That the judgment of the court was rendered in haste, and imposes a cruel and unusual punishment in direct conflict with the statutes of the state of Oklahoma and the Bill of Rights of the Constitution of the State of Oklahoma.

"Seventh. That the defendant was not fully advised as to his constitutional rights as to being entitled to counsel to represent him at all stages of the case.

Eighth. That the defendant was not advised of his constitutional rights to have a jury pass upon the degree of punishment to be given him upon his plea of guilty.

"Ninth. That the defendant was not advised as to

his right to have 24 hours within which to plead to the information, and the defendant was mentally incompetent to waive the same.

"Tenth. That the court failed to protect the rights of this defendant, in that the court did not ascertain at said hearing the facts and circumstances surrounding the alleged offense and the facts and circumstances surrounding the supposed plea of guilty.

"Eleventh. That the conduct and demeanor of defendant as shown by the record at the time of the passing of the judgment and sentence of death upon this defendant were such as to create in the mind of the court a reasonable doubt as to the sanity of the defendant, and it was the duty of the court to have had the defendant examined as to his sanity.

'Twelfth. That the record discloses that the defendant was deprived of his life and liberty without due process of law.

"Thirteenth. That the record discloses that no proper judicial hearing and determination of the rights of this defendant were had as contemplated by section 2785, 1921 Compiled Statutes, and for that reason this defendant is deprived of his constitutional and statutory rights.

"Fourteenth. That the record discloses that the punishment imposed upon this defendant was not for the alleged commission of the offense charged, but was imposed by the court in a heat of passion, and without due deliberation, and as a penalty upon the defendant for refusing to inform the court as to the identity of the other parties presumed to have been associated with the defendant in the commission of the alleged offense; and the record shows on its face that said sentence was not attended with due deliberation and the solemnities necessary and proper in passing sentence of death upon the defendant, and that the same was rendered in haste, and thereby deprived the defendant of his constitutional right of due process of law.

"Fifteenth. That the defendant is mentally incapacitated, and was so at the time of said hearing, as to realizing the consequences of his acts, and the defendant here and now offers to prove such facts by affidavits now pre-

sented to this court and by oral testimony, and asks that the judgment and sentence of this court be withdrawn and the death warrant be recalled, and that a jury be impaneled to try the sanity of this defendant."

The motion was assigned for hearing on April 18, 1927, and, on the 18th day of April, 1927, hearing upon the motion began. The defendant called as witnesses in his behalf his mother and several other witnesses tending to show the defendant was mentally incompetent, and did not known the consequences of his acts, or what punishment might be imposed upon his plea of guilty.

The state introduced evidence tending to show that, when the information was filed in the district court, a copy of the information, together with a list of the witnesses, was served upon the defendant on March 17, 1927, and, on March 19, 1927, the case was called for plea in the district court; that the court advised the defendant of his rights under the law; that he was entitled to have counsel to represent him, and defendant advised the court that he did not desire the aid of counsel, and was ready to have the sentence imposed upon him; that the court advised the defendant what punishment could be imposed by the court, and defendant replied that he was ready to take it; that the court tried to get the defendant to tell who took part with him in the robbery of the bank of Jet, and he declined and refused to do so. The court, after hearing the argument of counsel and considering the evidence, on the 19th day of May, 1927, denied the motion to set aside and vacate the judgment and sentence and recall the death warrant; to which ruling of the court the defendant at the time in open court duly excepted, and gave notice of appeal, and the case is in this court for review.

The defendant has assigned seven errors alleged to have been committed by the trial court, but the only errors we deem necessary to consider are assignments 5 and 7, which are as follows:

"(5) That the judgment and sentence of the plaintiff in error was given and passed through passion and prejudice."

"(7) That the punishment is excessive."

A careful examination of the record discloses the fact that, when the defendant appeared in the trial court to enter his plea, he declined to have any assistance whatever, refusing to permit his mother to intercede in his behalf, and objected to any delay in the sentence being imposed upon him. That the court advised him of his rights to have counsel to represent him, and advised him that, upon conviction upon his plea, the court might impose the death penalty, and the defendant replied that he was ready to take his part.

The record further discloses that the court advised the defendant that he had received information that others were implicated with him in the robbery of the bank at Jet, and the defendant replied that he had refused to put out any statement on that, and the court then stated to the defendant—referring to the punishment—"It is liable to be a good deal more, unless you tell the court," and defendant declined to tell who was with him, and the court gave him time to think it over before passing sentence upon him. The court then imposed a sentence of death by electrocution upon the defendant, and, after the sentence was imposed, the court then told the defendant, "If you want to come through and tell who the parties are, I will consider it before leaving here."

The attorneys for the defendant in their argument urged that the sentence imposed upon the defendant was imposed by the court through passion and prejudice, and that the punishment was excessive, and suggested, that, if the court found the defendant had due process of law, the sentence should be modified. The county attorney of Alfalfa county and the Attorney General in open court consented to a modification of the sentence.

The court, after carefully examining the facts and circumstances as disclosed by the record, accepts the agreement of the attorneys for the state and the defendant to a modification of the sentence, and modifies the judgment from death by electrocution to imprisonment for a period and term of 15 years.

The judgment and sentence is accordingly modified to 15 years, and, as so modified, is affirmed.

DOYLE, P. J., and EDWARDS, J., concur.