## PEARL BLACK v. STATE.

No. A-7009. Opinion Filed March 22, 1930.
Rehearing Denied April 19, 1930.
(286 Pac. 813.)

Orban C. Patterson, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, P. J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Alfalfa county on a charge of robbery with firearms and was sentenced to serve a term of fifteen years in the penitentiary.

The information charges in substance that defendant, by putting in fear one Mrs. Clyde Tucker in charge of the Farmers' Bank of Jet, Okla., robbed the bank of $900. The evidence is that on December 16, 1926, one Dave Brown and one Paul Martin went into the bank and committed the actual robbery. That Brown and Martin when they had obtained the money left the town of Jet in a Studebaker automobile, to where defendant waited in a Buick, and the three then made their escape. Dave Brown was the principal witness for the state. He testified in substance that defendant went with him and Martin to the salt plains. They left the Buick automobile in charge of defendant about a mile and a half from where he and Martin the night before had put a Studebaker automobile. That they then got the Studebaker, went into the town of Jet and robbed the bank, then went back to the salt plains where they had some trouble with the Studebaker and went to the Buick in which defendant was and they then made their escape by a circuitous route to

Enid. On the way to Enid they had trouble with the gas tank of the automobile, and bought some gas from a truck. That they got about $1,000 from the bank, and this was divided into four parts, one of which went to defendant. This witness had pleaded guilty to the charge against him. Brown v. State, 40 Okla. Cr. 1, 266 Pac. 491. As we read the evidence, Brown was reluctant to connect defendant with any knowledge that they were going to Jet to commit a robbery. Upon this point, his testimony in substance is that defendant did not know where they were going when they went from Enid to the salt plains in Alfalfa county, and that she was left with the car to prevent it being stripped. In part he testified:

"Q. She didn't know that she was going to the salt plains for to rob the Jet bank or where she was? A. She didn't know where we were going, no, sir, not that time.

"Q. And the first Pearl knew about any bank robbery was after the bank was robbed and you boys came back to the Buick, is that correct? A. Well, sir, there had been bank robberies mentioned before but she didn't know where any bank was going to be robbed.

"Q. After you boys were through and came back to the Buick, did she know then that you had robbed the bank? A. I spilled a sack full of dollars down on the floor of the board of the car.

"Q. It was necessary for her to draw a conclusion then that a bank had been robbed, wasn't it? A. We told her then.

"Q. That was the first time she knew about it? A. The first time she knew about what?

"Q. That you had robbed a bank or where she was going or what she was going to do? A. That was the first she knew we had robbed the bank, yes, sir.

"Q. When you took her out there, she didn't know you were going to rob a bank? A. I don't know. I think

she had an idea where we was going but there was nothing said.

"Q. When she went with you, all she knew was that she was going with you boys and stay in a car somewhere? A. Yes, sir. * * *"

It developed further in his testimony that defendant approached Brown at Enid some time before the robbery and directed him to go and see Martin at Shawnee, and that she sent a letter of introduction by him to Martin, and before they went on the robbery he asked her if she would go out and sit in the car for them as they were going out on a job, but he did not know that he told her where the job was to be. There had been talk between them about robbing some bank, and he told her they were figuring on a robbery. That there had been more or less talk between defendant, Martin, and Brown about robbing some bank.

The contention is made that there is not sufficient corroboration of the accomplice Brown. Some of the corroborating circumstances are that some time prior to the robbery Brown and defendant had been associating together, and the car in which Brown and Martin were at the time of the robbery was found abandoned, as he testified, some distance from where the Buick car was in which defendant was waiting; that the tracks of two men led from the Studebaker to the place where the Buick was and no tracks led from it. A truck driver testified that he met Brown and a man and woman on the highway the day of the robbery and let them have some gas, fully corroborating Brown on this point. There was also evidence that the night following the robbery Brown appeared at the place where he had been employed formerly with defendant and a man, evidently Martin. That Brown and the man came in the house with a package rolled in a lap

robe and defendant left in the Buick and after a little time returned in a different car, that Brown and the man then left with defendant taking with them the package.

Defendant testified that she went with Brown and Martin to the salt plains in a Buick car. That they left the car and she remained. After a while they returned and Brown spilled some money in the car. That they then drove to the Hilley place near Enid reaching there at night. That she did not remember of telling Brown that her husband was in a $2,000,000 robbery, nor of calling Martin at Shawnee and telling him that Brown would be down to see him, nor of sending a note to Martin by Brown, nor of introducing Brown and Martin. That she received $200 or better of the stolen money. That she turned the Buick to meet and pick up Brown and Martin on the salt plains after the robbery; that they carried a bundle. That she left the Hilley place in the Buick and after a while returned there in a Hupmobile and picked up Brown and Martin. That she did not know where they were going when they went to the salt plains.

It is obvious to us that defendant was the instigator of this robbery, that Brown, who is of low mentality, was her dupe and tool. That the verdict and sentence is just. No error of consequence appears in the record.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.