## THEODORE COLE v. STATE.

No. A-7686.   Opinion Filed Aug. 16, 1930.
(291 Pac. 141.)

Joe Simpson and Joe Hufford, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was charged in the district court of Tulsa county with the crime of robbery with firearms. He entered a plea of guilty, and his punishment was fixed at the death penalty. The prosecution is under the pro-

visions of section 1784, Comp. St. 1921, and chapter 44, Session Laws 1925, which latter act fixes the maximum punishment at death and the minimum at imprisonment in the penitentiary for five years. The record of the proceedings is brief. The information in substance alleges that defendant, with two others with firearms, did, by threats to take the life of one Earl Leeper, and by putting him in fear, take from his person and immediate presence a watch of the value of $25 and $412 in money. At the time of arraignment, defendant appeared; was represented by counsel appointed by the court. His counsel at the time informed the court that defendant was seventeen years of age. The trial judge questioned defendant at some length, eliciting the information that, while he claimed to be seventeen years of age, he had been married some six months or longer and had participated in numerous offenses against the law. The following appears:

"Mr. Hufford: I represent Theodore Cole over there. This boy here is just a seventeen-year-old kid and he desires at this time to enter a plea of guilty and throw himself on the mercy of the court. This boy respectfully asks your Honor to have mercy on his misguided, misspent young life, and he is pleading guilty at this time.

"The Court: Let your record show, Mr. Reporter, that the defendant, Theodore Cole, is represented in open court by Mr. Hufford. Now, Theodore Cole, you have heard what Mr. Hufford said, did you?

"Theodore Cole: Yes, sir.

"The Court: He is your lawyer?

"Theodore Cole: Yes, sir.

"The Court: Have you talked the matter over with him?

"Theodore Cole: Yes, sir.

"The Court: Is it your desire to plead guilty to this offense, Theodore?

"Theodore Cole: Yes, sir.

"The Court: Are you guilty?

"Theodore Cole: Yes, sir.

"The Court: Just what happened out there? Did you hold this fellow up with a gun?

"Theodore Cole: I held him up with a gun and taken his money.

"The Court: Have you ever been in any trouble before, Theodore?

"Theodore Cole: Well, I have been in a little trouble often-times, not as bad as this.

"The Court: Have you ever served any time in a penitentiary?

"Theodore Cole: No, sir, well, I did in Little Rock, Arkansas, about a month and a half, and I was transferred here.

"The Court: For what?

"Theodore Cole: On this charge here.

"Mr. Wallace: He was convicted in Arkansas for stealing an automobile, isn't it, Mr. Coffey?

"Mr. Coffey: I think so.

"Mr. Wallace: And sentenced to two years down there and then the sheriff, Mr. Evans, knowing the warden down there, persuaded him to return him to Tulsa. I believe that is correct, isn't it, Mr. Evans?

"Theodore Cole: They didn't have no right to stick me. It was the county that stuck me. The Government was supposed to stick me.

"The Court: Were you convicted there and sentenced to two years, Theodore?

# 223

"Theodore Cole: Yes, sir; I pleaded guilty."

After the plea of guilty had been entered and the sentence imposed, a motion to permit defendant to withdraw his plea and to enter a plea of not guilty was filed. It appears from the record that the plea of guilty was advisedly made after consultation with his nearest relative and his counsel. It does not appear that there was any promise of leniency made, nor is it claimed in such motion that defendant is not guilty. The court did not abuse his discretion in denying the motion to set aside the judgment and to allow the plea of guilty to be withdrawn.

The brief filed in behalf of defendant does not ask for a reversal, but is directed solely to a plea for a modification of the sentence imposed. The laws of this state provide the death penalty for three crimes: Murder; rape in the first degree; and robbery with firearms. The extreme punishment for the latter crime came into the law by chapter 85, Sess. Laws 1923, and was no doubt enacted to meet a condition wherein robbery with firearms, or hijacking as it came to be called, became all too prevalent. Certain and speedy punishment for crime and not occasional extreme and disproportionate punishment must be resorted to by society to protect itself. Kelley v. State, 47 Okla. Cr. 1, 288 Pac. 1001.

The death penalty can hardly be justified in a case of robbery where no personal injury results. Particularly is this true in the case of a youthful offender, although he may have a criminal record. Brown v. State, 39 Okla. Cr. 406, 266 Pac. 491.

Under all the circumstances of this case, the punishment assessed is excessive and unreasonable. Justice requires that the judgment be modified by reducing the

224

punishment from the death penalty to 15 years in the penitentiary.

As modified, the case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.