## BILL CUMMINGS v. STATE.

No. A-8882.   Aug. 30, 1935.
(48 Pac. [2d] 879.)

W. C. Henneberry and A. C. Sinclair, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Tulsa county of robbery with firearms and his punishment fixed at 99 years in the state penitentiary.

At the time charged, two men entered the apartment of one Calmes and his wife in the city of Tulsa, in which at the time was also one Griffin and his wife.   These parties were threatened with drawn pistols and were robbed of some personal effects and $138 in money.   All these parties identified defendant as one of the two committing the robbery.   The defense was alibi.   Defendant had been convicted of a felony twice before, once in the state of Texas and once in this state, and had served time in the penitentiary in both states.   The information charged the crime to have been committed on June 3d, and the testimony was to this effect, and the alibi was directed to the defendant's whereabouts on that date.   After the trial it developed the robbery actually occurred on May 27th.   In his motion for a new trial, defendant, on the ground of newly discovered evidence, sets out this error of date and insists he should be granted a new trial to impeach the witnesses on this point. He attaches to his motion a copy of a police report made by Calmes just following the robbery, but in which his name has been misspelled as Colemare.   This, defendant contends, prevented him from making a defense of alibi for the correct date of the crime.   However, from the questions propounded to the witnesses by defendant's counsel on cross-examination, it is evident he had a copy of the police report before him at the time, since he asked the witness Calmes, in detail, about the description given by him of the two persons committing the robbery, which questions

were almost verbatim in the language of the police report. It is evident the jury believed the testimony of the four persons robbed and their identification of defendant as one of the participants in the robbery and did not believe the testimony of alibi. We fail to see how that situation would have been changed if the testimony had been directed to the different date. A new trial will not be granted to permit the introduction of impeaching testimony. Caple v. State, 3 Okla. Cr. 621, 105 Pac. 681; McKenzie v. State, 34 Okla. Cr. 233, 245 Pac. 1005.

It is argued the court erred in permitting testimony that certain of the witnesses were intimidated by telephone warnings that they should not testify. During the testimony of Mrs. Griffin, she was asked who had talked to her about the case. The court thereupon excused the jury and stated to counsel in substance it had come to his notice that parties were appearing to intimidate witnesses and warned any such that this was a contempt of court and that he intended to investigate the matter and directed that a deputy sheriff be detailed to guard the witnesses. The trial proceeded, and the witness was then asked in substance why she did not answer a previous question, and she answered because of receiving so many threats over the telephone not to be a witness that she did not want to. No objection or exception was made. Defendant's counsel, on cross-examination, then went into this matter and questioned her at length about it. Counsel for the state in argument made some reference to these circumstances. Defendant's counsel made no objection nor motion to withdraw or strike, but at the conclusion of the argument asked the court to declare a mistrial. With few exceptions, error in the argument of counsel, unless so gross as to amount to a fundamental error, must be excepted to and a request to strike

made and exceptions taken to the adverse ruling, or the error will not be reviewed on appeal. Browder v. State, 16 Okla. Cr. 43, 180 Pac. 571; Cook v. State, 36 Okla. Cr. 285, 253 Pac. 1029.

It is earnestly urged that the punishment assessed is excessive and unreasonable, citing Sanders v. State, 48 Okla. Cr. 65, 289 Pac. 798. That case is based in part on a confession of error by the Attorney General. In other cases this court has reduced the punishment assessed for robbery. Bridges v. State, 39 Okla. Cr. 183, 264 Pac. 640; Brown v. State, 40 Okla. Cr. 1, 266 Pac. 491; Kelley v. State, 48 Okla. Cr. 1, 288 Pac. 1001; Cole v. State, 48 Okla. Cr. 220, 291 Pac. 141.

Upon consideration of the entire record, we are of the opinion that justice requires the punishment assessed be modified to a term of twenty years, and, as so modified, the case is affirmed.

DAVENPORT, P. J., and DOYLE, J., concur.