# JOE SHAWAN v. STATE.

No. A-10491.   Jan. 16, 1946.
(165 P. 2d 387.)

Charles W. Moss, of Oklahoma City, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   The defendant, Joe Shawan, was charged in the district court of Oklahoma county with the crime of robbery with firearms; was tried, convicted, and sentenced to serve a term of life imprisonment in the State Penitentiary, and has appealed.

At the request of the defendant, the Honorable Charles W. Moss, public defender of Oklahoma county, was appointed to represent the defendant at the trial of said case and he has appeared before this court and argued the cause on behalf of the defendant.

There is only one assignment of error that is necessary for us to consider and that is the contention that the verdict of the jury is excessive and appears to have been given under the influence of passion and prejudice.

The defendant's guilt is admitted.   On the night of January 23, 1943, one William J. Anderson, of Oklahoma City, was sitting in his Chevrolet automobile just to the rear of the St. Anthony Hospital.   The defendant approached the automobile, pointed a .32 caliber revolver at Anderson, and said, "———— you, move over, we are going for a ride; don't start a commotion or I'll just blow your head off."   At the direction of the defendant, Anderson drove through the streets of Oklahoma City to Eastern avenue.   After they had driven some distance, the defendant ordered Anderson to stop the car and give his pocketbook to the defendant, which order was obeyed.   The defendant took all of Anderson's money, totaling about $25 out of the purse, and handed it back to Anderson.   Anderson, with the defendant still pointing the gun at his head, drove down Eastern avenue to Southeast 29th street.   They then turned right to Shields avenue, and, eventually, after much cursing and abuse from the defendant, they reached a point on a dirt

road across the county line in Cleveland county. At that point, the defendant made Anderson remove his clothes and the defendant took part of Anderson's clothes and put them on. The defendant then ordered Anderson out of the car and defendant left with the car. Anderson walked to a farmer's house and telephoned to the Oklahoma City Police Department, giving them detailed information about the robbery. Early the following morning, the defendant was arrested by a watchman at the river bridge near Wheatland. He had on part of Anderson's clothes and $22.90 was recovered from his possession.

After his arrest, the defendant gave a detailed, written statement in which he confessed his guilt of the crime against Anderson and other crimes which had been committed. When the written statement was offered in evidence, the court sustained an objection to its admission because it contained matters which were not admissible at the trial.

The only witness offered by the defendant was the county attorney, who was placed on the witness stand by counsel for the defendant to show that the county attorney had agreed to recommend 25 years' imprisonment, if the defendant would enter a plea of guilty. However, the county attorney swore that he did not ever agree to recommend any specific term of imprisonment on a plea of guilty, although he did admit that counsel for defendant had discussed with him the question of giving the defendant 15 or 20 or even 25 years' imprisonment on a plea of guilty.

Under the statute, 21 O. S. 1941 § 801, a person convicted of the crime of robbery with firearms shall suffer punishment by death or imprisonment at hard

4

labor in the State Penitentiary for any period of time not less than five years.

This court, on two occasions, where the person accused was a minor, modified a sentence of death given on a plea of guilty to a term of imprisonment in the State Penitentiary. Brown v. State, 40 Okla. Cr. 1, 266 P. 491; Cole v. State, 48 Okla. Cr. 220, 291 P. 141.

In this case, we are not advised as to the age of defendant, although he is referred to as a man. Since the defendant did not testify, there is nothing in the record to show whether he had sustained any prior convictions, although the officer who arrested him, testified that defendant told him that he was an escape from Texas. However, the trial court struck said statement from consideration of the jury and admonished the witness not to detail anything the defendant had said, except as it pertained to the issues in connection with the charge for which the defendant was on trial.

The person who commits robbery by the use of firearms is a potential murderer. The accused in the instant case held a loaded pistol pointed at the head of Mr. Anderson for several minutes and, on various occasions during the drive, threatened to blow out Anderson's brains. The only way in which such crimes may be combated is to impose and make the convicted persons serve long terms of imprisonment at hard labor and, in extreme cases, suffer the death penalty. So far as the writer of this opinion is concerned, the verdict fixed by a jury upon a person found guilty of this serious offense will be sustained, unless the accused can show that somewhere during the proceedings of the trial there were extraneous matters injected into the case, which engendered prejudice against the accused. The jury in the instant case

heard the witnesses; they could see the demeanor of the defendant during the trial, and there is nothing in the record to show any passion or prejudice in the rendition of their verdict.

The judgment of the district court of Oklahoma county is accordingly affirmed.

BAREFOOT, J., concurs. DOYLE, J., not participating.