Marvin SAM, #73935, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. A–14088.

Court of Criminal Appeals of Oklahoma.

March 22, 1967.

Marvin Sam, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BRETT, Judge:

This is an application for habeas corpus and/or post conviction appeal, filed by Marvin Sam, an inmate of the State Penitentiary, where he is currently confined by virtue of a judgment and sentence rendered against him in the district court of Tulsa County, where he had been charged with robbery with firearms, after former conviction of felony. Judgment and sentence was entered on November 5, 1965, and petitioner was sentenced to a term of fifteen years in the State Penitentiary.

Petitioner alleges that he requested an appeal of the court, and his attorney, but was not granted same, and was not informed of his right to appointment of counsel for an appeal.

The Attorney General filed a response to this petition, to which he attaches a certified copy of the appearance docket in defendant's case in the district court of Tulsa County.

From this record we observe that defendant was represented by an attorney at every stage of his trial. He states that he was at first represented by the public defender, and that later his parents employed private counsel to represent him. Defendant states further that when his private counsel waived jury trial, he dismissed him, and that the same public defender was appointed again to represent him at his trial.

The record shows that the private counsel was permitted to withdraw on November 4, 1965, and that defendant was tried on November 5. That a jury was selected and the State put on its evidence and rested; that the defendant thereupon withdrew his former plea of not guilty, and entered a plea of guilty to the charge; that defendant acknowledged in open court that he had been represented by counsel throughout the entire proceeding. The defendant waived time for sentencing, and the court thereupon entered judgment and sentence; and the defendant was sentenced to serve fifteen years in the State Penitentiary. Defendant filed his motion for a new trial, which was presented, and overruled.

From the record before us, it appears that the trial court had jurisdiction of the defendant, of the crime charged, and authority under the law to pronounce the sentence. In such case, release will not be granted by writ of habeas corpus. See: Ex parte Yoder, Okl.Cr., 298 P.2d 1083; Peoples v. McLeod, Okl.Cr., 306 P.2d 364; Foster v. Page, Okl.Cr., 422 P.2d 219.

It further appears that the defendant had the benefit of counsel at all stages of his proceeding, and that he was not denied any right guaranteed him by the Constitution of the United States, or the Constitution of the State of Oklahoma, or by the State statutes relating to appeals.

We are of the opinion that the relief prayed for should be, and the same is, therefore denied.

NIX, P. J., and BUSSEY, J., concur.