Melvin A. LEWIS, Petitioner,

v.

STATE of Oklahoma, Respondent.

No. A–14893.

Court of Criminal Appeals of Oklahoma.

Jan. 22, 1969.

Melvin Alphonzo Lewis, pro se.

G. T. Blankenship, Atty. Gen., Charles Owens, Asst. Atty. Gen., for respondent.

PER CURIAM:

This is an original proceeding in which Melvin Alphonzo Lewis seeks habeas corpus release from his present incarceration in the Oklahoma State Penitentiary under authority of judgment and sentence rendered on February 24, 1966, in the District Court of Oklahoma County, Oklahoma, on a jury verdict finding Petitioner guilty of murder and assessing his punishment at death.

A timely appeal of the conviction was filed on behalf of Petitioner, Case No. A–14,029, and on May 31, 1967, this court rendered its opinion affirming the conviction and modifying the sentence to a term of life imprisonment. Lewis v. State, Okl. Cr.App., 451 P.2d 399. A petition for rehearing was filed by Petitioner's counsel and on February 21, 1968, the same was denied by this Court and the mandate was issued.

Petitioner has raised numerous allegations which he claims violated his constitutional rights and thus rendered his present imprisonment illegal. Petitioner alleges that important evidence was withheld at his trial, that certain of the instructions to the jury were improper, that prejudicial remarks were made by one witness in the closing argument of the prosecution, and that he was without benefit of counsel when he signed a statement to the police. Each of these allegations is a matter properly reviewable on appeal and could have been raised when Petitioner's conviction was on appeal to this Court. It is fundamental as this court has often stated that habeas corpus is not a substitute for appeal. Sam v. State, Okl.Cr., 425 P. 2d 619 (1967). In a similar situation this court held in Hampton v. Page, Okl.Cr., 412 P.2d 202 (1966):

"Where petitioner has appealed from judgment of conviction, and judgment of conviction has been affirmed, and questions raised in habeas corpus proceeding were in existence and known to petitioner at time of appeal, and were matters which properly should have been presented by appeal, Court of Criminal Appeals will not issue writ of habeas corpus."

In addition Petitioner alleges that his sentence of life imprisonment is a "cruel and unusual punishment" prohibited by the Eighth Amendment of the United States Constitution. Petitioner cites no authority in support of this rather novel argument nor are we aware of any. A sentence of death or life imprisonment is the common punishment in most jurisdictions upon a conviction for murder. Even life imprisonment upon conviction of the crime of robbery with firearms has been held by this Court not to be a "cruel and unusual punishment". Shawan v. State, 82 Okl.Cr. 1, 165 P.2d 387. It is a familiar rule that the fixing of penalties for crimes is a matter within legislative function. Rose v. United States, 128 F.2d 622 (10th Cir. 1942), certiorari denied 317 U.S. 651, 63 S.Ct. 47, 87 L.Ed. 524. It is not a cruel and unusual punishment when the sentence imposed upon conviction is one within the statutory authorization. Smith v. United States, 273 F.2d 462 (10th Cir. 1959), certiorari denied 363 U.S. 846, 80 S.Ct. 1619, 4 L.Ed.2d 1729. The United States Supreme Court has expressly held that even a death sentence upon conviction of murder is not a cruel and unusual punishment in violation of the Eighth Amendment. Louisiana ex rel. Francis v. Resweber, 329 U.S. 459, 67 S.Ct. 374, 91 L.Ed. 422 (1947). Thus, we find no merit to Petitioner's argument that life imprisonment upon conviction of murder is a cruel and unusual punishment.

Petitioner further alleges that the selection of his jury, in which prospective jurors were excused because they did not believe in the death penalty, prejudiced his

case and is therefore in conflict with the rule the United States Supreme Court announced in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). However, the Supreme Court held in Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968), that the Witherspoon decision does not govern where the sentence imposed is life imprisonment. In the instant case Petitioner's sentence of death was modified to life imprisonment. Consequently, the Witherspoon rule that the death penalty cannot be imposed by a jury from which prospective jurors have been removed for cause, who without more, are opposed to capital punishment has no application in these proceedings.

◼ It is the further allegation of Petitioner that his prosecution by information was in violation of the United States Constitution which requires prosecution by indictment of a grand jury. It is well settled that in Oklahoma a prosecution may be by information or by grand jury indictment and that a prosecution by information does not violate the Fourteenth or Fifth Amendment of the United States Constitution. Sisson v. State, Okl.Cr., 426 P.2d 379 (1967). Accordingly, we find no merit to this contention of Petitioner.

◼ Since Petitioner's allegations do not constitute the denial of constitutional rights and since most of his contentions were questions known to Petitioner at the time of his appeal and were matters properly raised on appeal, we conclude that there is no basis for the granting of a writ of habeas corpus. From the record before us it appears that the trial court had jurisdiction of the Petitioner, of the crime charged, and the authority under the law to pronounce judgment. In such cases release will not be granted by writ of habeas corpus. Foster v. Page, Okl.Cr., 422 P.2d 219. Writ denied.

This application was assigned to the Referee Mr. Penn Lerblance, by the Pre-

siding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.