**James Kenneth JOHNSON, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14896.**

Court of Criminal Appeals of Oklahoma.

April 9, 1969.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

James Kenneth Johnson, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County with the crime of Robbery with Firearms; judgment and sentence was pronounced in accordance with the verdict of the jury, and a timely appeal has been perfected to this Court.

On appeal it is urged that the evidence adduced on behalf of the State does not support the verdict of the jury and that the sentence of 99 years imprisonment for the crime of which the defendant stands convicted, is excessive.

Briefly stated, the facts which formed the foundation of the verdict of the jury are substantially the following:

Carl Prentice, Jr. testified that he works at the Humpty-Dumpty Supermarket at 3420 Southwest 29th Street in Oklahoma City, and was there on January 15, 1968, when around 6:30 p.m., the defendant came up to the office window, put a gun on the counter, handed Prentice a sack and told him to fill it with all the bills or he would kill him. Prentice put between $700.00 and $1,000.00 in the sack, whereupon the defendant made him open the safe, which contained only silver. The defendant then told Prentice to lie on the floor and that

he was going to "hit" all the cash registers.

Mrs. Larry Osborn, a customer, was in the store at the time at a check stand and saw defendant at the store office window. Earlier, when she entered the store, the defendant and another were at the front door and the defendant opened the door for her.

Eva Hamilton, another customer, was in the store waiting behind the defendant at the store office to cash a check, and witnessed the robbery. Defendant ordered her to accompany him and another man out the door, which she did, and after they reached the sidewalk the defendant told her to turn around and re-enter the store, and said, "don't look back or I'll shoot you."

The defendant did not elect to testify in his own behalf nor did he offer any other evidence.

■ From the foregoing summation of facts, it is abundantly clear that the evidence offered by the State amply supports the verdict of the jury. We have repeatedly held that:

"Where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts."

See Williams v. State, Okl.Cr., 373 P.2d 91. In accordance with Williams v. State, supra, we are of the opinion that this assignment of error is without merit.

■ ■ It is lastly contended that the punishment of 99 years imprisonment for the crime of Robbery with Firearms is excessive. Title 21 O.S.1961, § 801, provides:

"Any person or persons who, with the use of any firearms or any other dangerous weapons, attempts to rob or robs any person or persons, or who robs or attempts to rob any place of business, residence or banking institution or any other place inhabited or attended by any person or persons at any time, either day or night, shall be guilty of a felony, and, upon conviction therefor, shall suffer punishment by death, or imprisonment, at hard labor, in the State Penitentiary, for a period of time of not less than five years, at the discretion of the Court, or jury trying the same."

The rule is well established that when the evidence amply supports the verdict of the jury and the record is free of error which would justify a modification or reversal, and the punishment imposed is within the range provided by statute, the judgment and sentence will be affirmed. See Shawan v. State, 82 Okl.Cr. 1, 165 P. 2d 387, and Dalton v. State, 66 Okl.Cr. 108, 90 P.2d 40.

In accordance with the authorities above set forth, the judgment and sentence appealed from is affirmed.

BRETT, P. J., and NIX, J., concur.