William Joseph LEE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-15234.

Court of Criminal Appeals of Oklahoma.

May 12, 1971.

Curtis A. Parks, Public Defender, Tulsa County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max A. Martin, Asst. Atty. Gen., for defendant in error.

## OPINION

BRETT, Judge:

Plaintiff in Error, William Joseph Lee, hereafter referred to as Defendant, was charged in the District Court of Tulsa County with the crime of Rape in The First Degree, After Former Conviction of a Felony. Defendant was tried in a two-stage proceeding, the jury found the Defendant guilty; and after the second stage assessed his punishment at imprisonment for a period of not less than twenty (20)

nor more than sixty-five (65) years in the State Penitentiary. Judgment and sentence was imposed on March 21, 1969, after which Defendant's Motion for New Trial was overruled, and the appeal was lodged in this Court. Defendant, having filed herein his Application to Set Appeal for Oral Argument; the same having been by the Court considered, and finding no useful purpose to be served by setting the appeal for oral argument, said Application should be and is hereby denied.

Defendant was represented in this trial by the Public Defender of Tulsa County, and his appeal has been perfected by the Appellate Public Defender. The Information alleged that on December 14, 1968, defendant took to his apartment an eleven year old girl, where he forcibly engaged in an act of sexual intercourse. Defendant testified in his own behalf, and during the cross-examination he admitted having been convicted of other felonies; however, the court properly instructed the jury that the admission of that evidence was for the purpose of testing Defendant's credibility only.

Defendant asserts nine propositions of error in his Brief. The first and second propositions pertain to Motions to Suppress Former Convictions, alleged against Defendant. After reviewing the record of trial we are convinced that Defendant has not met the burden of proof to show that those convictions do not meet the requirements of Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). The fourth paragraph of the syllabus to Tucker v. State, Okl.Cr., 473 P.2d 332 (1970), provides as follows:

"Where a collateral attack is made upon a judgment and sentence of a previous conviction, the burden of proof is upon defendant to prove he was without assistance of counsel and that he made no waiver to his right to have his attorney present."

A conviction sustained by Defendant in a Federal Court in which he is imprisoned in the Federal Penitentiary is sufficient to meet the requirements of the Statutes of Oklahoma pertaining to former felony convictions. See 21 O.S.1961, §§ 5 and 54.

We have reviewed the record concerning the testimony of the prosecutrix, and conclude that her testimony was not contradictory, uncertain or improbable. It has long been the rule in this State that a conviction for rape may be had on the uncorroborated testimony of the prosecutrix where her testimony is not inherently improbable, or unworthy of credence. See: Strunk v. State, Okl.Cr., 450 P.2d 216 (1969), and Haga v. State, Okl.Cr., 422 P. 2d 221 (1966).

In his fifth proposition Defendant complains of remarks made by the District Attorney in his closing argument, and asserts that those remarks constituted reversible error. In several instances complained of by Defendant, no objection was made at the time the remarks were made, and in those which objections were made, the court properly instructed the jury to disregard them. Certain other of the remarks complained of by Defendant were clearly statements made in response to Defense Counsel's arguments, and in such circumstances they do not constitute reversible error. We said in Tilford v. State, Okl.Cr., 437 P.2d 261 (1967):

"Generally, remarks of the prosecuting attorney, including such as might or would otherwise be improper, are not grounds for reversal where they are invited, provoked, or occasioned by accused's counsel or in reply to or retaliation for his acts or statements."

After reviewing all the remarks complained of by Defendant, we find that his fifth proposition is without merit.

Defendant's sixth proposition complains that the court committed error in overruling Defendant's Motion for Change of Venue. To warrant a Change of Venue it must appear that the inhabitants of the county, where the crime oc-

cured, have fixed opinions as to Defendant's guilt to the extent that the accused cannot have a fair trial by an impartial jury. See: Capes v. State, Okl.Cr., 450 P.2d 842 (1969). We conclude that Defendant did not sustain his burden of showing that he could not get a fair trial in Tulsa County in this case. In Pate v. State, Okl.Cr., 361 P.2d 1086 (1961), it was stated:

> "The ease with which a jury was obtained and qualified on their voir dire to try the cause before the application for a change of venue is denied is of some probative force to show that a change of venue is not necessary to insure the defendant a fair trial."

In proposition seven Defendant submits that the trial court erred in refusing to grant his Motion for Mistrial. This proposition is premised upon the answer Defendant's brother gave to a question of the State in which he stated that Defendant adopted the alias of Todd Silver "when he came back from McAlester." Defense Counsel objected and moved for a mistrial. The court noted that the answer was not responsive to the question, and instructed the jury to disregard the answer. We fail to see how this proposition would have sufficient merit to cause a reversal of this conviction for the reason the witness was one of Defendant's witnesses; and we believe the answer was not materially prejudicial to Defendant. The record reflects that Defendant testified in his own behalf and admitted prior convictions in other courts. Consequently, if any error was committed, it was a harmless error, and is not sufficient to reverse this judgment and sentence. See: Denson v. State, Okl.Cr., 481 P.2d 190 (1970). Other contentions contained under this proposition are without merit and are not worthy of further discussion.

In his eighth proposition Defendant asserts that the State failed to provide the list of witnesses to be called in the prosecution of this case. As we review the record before this Court, a list of all witnesses was provided Defense Counsel at least 48 hours prior to the date set for trial; therefore, we fail to see how Defendant's constitutional rights under Article II, § 20, of the Oklahoma State Constitution were violated. The record also reflects that no objection was made before proceeding to trial, and no objection was made at the time the witnesses testified. We stated in Ex parte Matthews v. State, 85 Okl.Cr. 173, 186 P.2d 840 (1947):

> "Where the accused fails to object to going to trial, on the ground that he was not served with a list of witnesses two days before trial, as required by law, he cannot afterwards avail himself of this objection, and the constitutional right given him by this provision will be waived."

See also: Holt v. State, 84 Okl.Cr. 283, 181 P.2d 573 (1947).

The only proposition in Defendant's Brief which contains merit is his third proposition which has not heretofore been discussed. In that proposition Defendant objects to the instruction to the jury based upon the "Good Time Statute." This trial was conducted in a two-stage proceeding and Defendant's guilt was determined prior to the reaching of a verdict concerning punishment. Consequently, even though there is merit in this complaint, it is not sufficient to cause a reversal of this conviction. In Williams v. State, Okl.Cr., 461 P.2d 997 (1969), this Court held that the instruction concerning good time credits was improper, and when given it would warrant a modification of the sentence even in a two-stage proceeding.

Therefore, after considering the voluminous records of Defendant's trial, we fail to find sufficient error to cause a reversal of this conviction; however, because of the improper instruction in the second-stage of the proceeding, we find that the sentence imposed on Defendant should be modified from not less than twenty (20) nor more than sixty-five (65) years, to a sentence of not less than fifteen (15) nor

more than forty-five (45) years; and as modified the judgment and sentence is affirmed.

BUSSEY, P. J., and NIX, J., concur.