Roy Charles FINCHER, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-83-695.

Court of Criminal Appeals of Oklahoma.

Dec. 11, 1985.

Rehearing Denied Jan. 27, 1986.

Sweeney & Lankford, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, Roy Charles Fincher, was convicted by a jury of Rape in the First Degree and Forcible Sodomy in the District Court of Cleveland County, Oklahoma, Case No CRF–83–132 and Case No. CRF–83–133. He was sentenced to terms of fifteen (15) and twenty (20) years imprisonment respectively, and appeals. We affirm the judgment and sentence of the District Court.

Appellant and the prosecutrix, C.A., were both employed at Tinker Air Force Base, where appellant worked as C.A.'s supervisor. According to the undisputed evidence presented at trial, appellant and C.A. went to The Pub, an on-base tavern, on February 2, 1983. They stayed at the tavern until about 9 p.m. After leaving the tavern, they drove in appellant's car to his home so that he could get cigarettes and more money.

According to the prosecutrix's testimony, appellant was supposed to take her back to The Pub. Instead, the appellant brandished a large butcher knife and drove her to Lake Draper. While there, he raped and anally sodomized her. After this assault, appellant and the prosecutrix drove back to the airbase. When they stopped at a stop sign, the proxecutrix jumped out of the vehicle and fled to the base on foot. She told a friend about her ordeal, and he summoned the base Security Police.

C.A. was transported to Oklahoma Memorial Hospital, and was examined by a gynecologist, Dr. Mike Moore. He testified at appellant's trial that the injuries to C.A.'s anus were consistent with forcible anal intercourse, and it was highly probable C.A. had been sexually assaulted.

Appellant testified on his own behalf that he and C.A. had gone to his house after leaving The Pub, but agreed to go to Lake Draper to make love. According to the appellant, he and the prosecutrix were having an affair. Appellant admitted having consensual vaginal intercourse with the prosecutrix, but denied participation in anal intercourse. Appellant testified he told the prosecutrix that, instead of leaving his wife as planned, he had decided to stay with her. He also testified that C.A. became upset when, during the course of their tryst, he refused to say that he loved her. He also testified that he dropped the prosecutrix off near his residence inside the base.

Appellant presented evidence from an air force guard, who testified he was stationed at the gate where the prosecutrix said she entered. He stated that he never saw a woman enter the base on foot that night.

## I.

Appellant's first assignment of error raises a claim that he was denied his right to effective assistance of counsel by the actions of his retained attorney. We do not agree with this claim.

In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court set out the proper standards for judging a criminal defendant's contention that he was denied his Sixth Amendment right to effective assistance of counsel. The Court developed a two-tier test to determine whether counsel's performance "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at ——, 104 S.Ct. 2064. First, an appellant is required to show that counsel's performance was deficient, that is, that trial coun-

sel did not perform as a reasonably competent attorney. Second, the appellant must show that the deficient performance prejudiced his defense. *Id. See also Collis v. State,* 685 P.2d 975, 976–77 (Okl.Cr.1984).

■ Our careful examination of the record reveals that appellant's argument fails to overcome the first tier of the *Strickland v. Washington* test. We cannot say appellant's trial counsel acted as anything other than a reasonably competent attorney under the facts and circumstances of this case. We note that trial counsel vigorously cross-examined the prosecutrix and attempted to show she was a willing participant in the sexual activity. He showed through cross-examination that appellant and the prosecutrix had gone to The Pub together in the past, and that she had visited his home on two separate occasions. Trial counsel was familar with the preliminary hearing transcript and attempted to use it as an impeachment tool on cross-examination of C.A.

Trial counsel effectively examined his own client, establishing as his defense that the prosecutrix was a scorned woman apparently seeking revenge. He also presented the testimony of the gate guard who said it would be difficult, though not impossible, for a person to sneak past his station on foot. Trial counsel presented an adequate closing argument to the jury.

It appears, based on the appellate record, that trial counsel did all he could to safeguard the rights of this appellant. Obviously, his efforts were to no avail; but we have said that "lack of success [is not] the proper measure for determining the adequacy of legal representation." *Taylor v. State,* 659 P.2d 362, 365 (Okl.Cr.1983). This assignment of error is without merit.

## II.

■ Next, appellant claims the trial court erred in overruling his Motion for Directed Verdict of Acquittal. He claims that C.A.'s testimony was uncorroborated, and was so inconsistent, improbable, incredible, contradictory and thoroughly im-

peached that it was insufficient to support the conviction. We disagree.

In *Lee v. State,* 485 P.2d 482 (Okl.Cr. 1971), Judge Brett explained that "a conviction for rape may be had on the uncorroborated testimony of the prosecutrix where her testimony is not inherently improbable, or unworthy of credence." *Id.* at 484. We elaborated on this standard in *Gamble v. State,* 576 P.2d 1184 (Okl.Cr.1978), and held a conviction on uncorroborated testimony of the prosecutrix could only be overturned if "[t]he testimony [was] of such contradictory and unsatisfactory nature, or [that] the witness [was] so thoroughly impeached, that the reviewing court [can] say that such testimony is clearly unworthy of belief and insufficient as a matter of law to sustain a conviction." *Id.* at 1186.

We note at the outset that the testimony of the prosecutrix was corroborated, in part, by the findings of Dr. Moore. C.A. testified she had been anally sodomized by the appellant. Dr. Moore stated the prosecutrix had two lacerations in the anal orifice consistent with forced, prolonged or repeated anal intercourse. Dr. Moore stated there was a high probability C.A. had been sexually assaulted. The appellant, however, denied that he participated in anal intercourse with C.A.

Furthermore, even if the testimony had been uncorroborated, it would have been sufficient to withstand appellant's Motion for Directed Verdict of Acquittal. No inconsistencies were apparent from the prosecutrix's testimony, and she withstood attempts by defense counsel to impeach her testimony on significant matters. Furthermore, her testimony remained consistent from her report of the incident to Dr. Moore on the night of the offense until cross-examination at trial. *See Johnston v. State,* 673 P.2d 844 (Okl.Cr.1983). This allegation of error is wholly without merit.

## III.

■ Finally, appellant claims the sentences imposed by the jury are excessive and should be modified. However, we have said that "when the evidence amply

supports the verdict of the jury and the record is free of error which would justify a modification or reversal, and the punishment imposed is within the range provided by statute, the judgment and sentence will be affirmed." *Johnson v. State,* 453 P.2d 335, 337 (Okl.Cr.1969). The penalty imposed by the jury for each conviction was well within the range of punishment allowed by the appropriate statutes. *See* 21 O.S.1981, §§ 888, 1115. We therefore decline to modify the appellant's sentences.

Accordingly, the judgment and sentence of the District Court should be, and the same hereby is, AFFIRMED.

BUSSEY, J., concurs.

BRETT, J., concurs in results.