**Joie SILVA, Appellant,**

**v.**

**John H. KLINGER, Appellee.**

**No. 20366.**

United States Court of Appeals Ninth Circuit.

Feb. 1, 1966.

Joie Silva, in pro. per.

Thomas C. Lynch, Atty. Gen. of Cal., Wm. E. James, Asst. Atty. Gen., Robt. P. Samoian, Deputy Atty. Gen., Los Angeles, Cal., for appellee.

Before BARNES, JERTBERG and ELY, Circuit Judges.

PER CURIAM:

This is an appeal in forma pauperis from an order denying a petition for a writ of habeas corpus filed in the United States District Court. Petitioner is a state prisoner, who has been unsuccessful in presenting an untimely appeal, and various writs, to the state courts, both on the trial and appellate level.

Petitioner was arrested April 8, 1963 for allegedly committing the crime of sodomy on April 7, 1963. On April 23, 1963 he was informed against. On April 25, 1963, represented by the public defender, he was arraigned, and pled not guilty. He was tried on May 20, 1963, his cause being submitted on the testimony given at the preliminary hearing. He was represented there by an attorney named Hancock. In his petition, he alleges "from the loss of memory" he could not then ask this attorney to cross-examine the witnesses who were in the courtroom. This "loss of memory" was because he "had the D.T.'s", "through no fault of defendant."

The petition for writ discloses petitioner was represented by an attorney, a Mr. Hancock, at his arraignment and plea; at his trial and at his sentencing; and by an attorney, Mr. Richard W. Dietrich, on his appeal of error coram nobis.

 An accused may, of course, waive his right to cross-examination and confrontation, and the waiver may be accomplished by such waiver being expressed either by the accused personally or by his counsel. Wilson v. Gray, 345 F.2d 282, 286 (9th Cir. 1965).

Appellant's claimed loss of memory is disputed, or unclearly proven, if not disproved, by his present clear recital of parties present, their names, conversations, and certain facts. Some facts he claims to forget are at other places recited in detail.

But whether partial or total, whether proven or disproven, this issue was not raised in the state courts, and petitioner has not exhausted his state remedies on this issue.

Affirmed.