Gus Danny WILSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–75–680.

Court of Criminal Appeals of Oklahoma.

Sept. 8, 1976.

Bob Ward, Guthrie, for appellant.

Larry Derryberry, Atty. Gen., Robert McDonald, Asst. Atty. Gen., Kenneth Lisle, Legal Intern, for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Gus Danny Wilson, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Logan County, Case No. CRF–74–58, for the offense of Robbery With Firearms, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 801. His punishment was fixed at a term of ninety-nine (99) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

The testimony at trial revealed that Thelma Lou Flasch is the owner of Gus' Liquor Store in Guthrie, Oklahoma. On Saturday, August 10, 1974, at approximately 9:45 p.m., she was alone in the store and preparing to close. She was standing at the checkout counter counting the daily receipts when a young man entered the store and walked up to the counter.

The young man told Mrs. Flasch that he wanted her money, and then he raised the front of his shirt, revealing a pistol tucked in his belt. She gave him money from the cash register and upon demand she gave him her billfold. The amount of money involved was approximately $118.00.

After taking the money he directed Mrs. Flasch to sit on a stool and to remain seated until he left. Before leaving the store he took a bottle of wine and a bottle of vodka from the liquor shelves. Mrs. Flasch was not certain, but she thought the young man had the pistol in his hand at the time he directed her to sit on the stool.

Mrs. Flasch testified that the young man was approximately 26 years of age, his skin was olive colored, and he had a mustache and a beard. She also testified that he was wearing a solid green long sleeved shirt, light blue trousers, dark glasses and a white cloth hat. At the trial she identified the defendant as the young man who

had robbed the store. She testified that the liquor store was well lighted and because of the lighting she was able to observe the defendant's appearance.

Subsequent to the robbery, on October 8, 1974, Lieutenant Detective Albert Hasler of the Guthrie Police Department conducted a lineup at the Guthrie City Hall. The defendant, who had been arrested on another charge for an offense committed in another city, and was in custody in Logan County jail, was a participant in the lineup along with five other men. Mrs. Flasch attended the lineup and identified the defendant as the man who had robbed her liquor store.

The defendant asserted the defense of an alibi and in his behalf Mrs. Rita James, his aunt, testified that on the night in question the defendant was at her home, sick in bed. She had been watching television that night and was seated in the living room where she could observe anyone who entered or left the house. She stated that the only person who entered or left the house that night was the defendant's half brother, Billy Wilson. She also stated that around 10:00 p.m. she talked with the defendant and gave him some medication.

Mrs. James admitted that she was legally blind, but asserted she could identify people and it was the defendant's half brother, not the defendant, who she observed entering and leaving the house and with whom she had conversed.

The jury found the defendant guilty of Robbery By Firearms and the trial proceeded to the punishment stage. The prosecution introduced certified copies of the judgment and sentence in two cases wherein the defendant had been found guilty of robbery with firearms and robbery with force and fear. Dockets sheets from the former convictions, showing the defendant was represented by counsel, were also introduced. The jury found the defendant guilty and fixed his punishment at 99 years' imprisonment.

■ In his first assignment of error the defendant asserts that the trial court erred in admitting evidence of the pretrial lineup identification of the defendant by Mrs. Flasch. We note that this assignment of error was not properly preserved for appeal by including such in the defendant's motion for new trial and petition in error. *Pierce v. State,* Okl.Cr., 491 P.2d 335 (1971). However, we deem the alleged error to be of a fundamental nature and reviewable for the reason that it goes to a right of the defendant which was essential to his defense. *Stowe v. State,* Okl.Cr., 397 P.2d 693 (1964).

■ The defendant contends that the in court identification by Mrs. Flasch was tainted by her pretrial lineup identification of the defendant. This contention is without merit because there is sufficient testimony in the record to show that her in court identification was based upon her opportunity to observe the defendant during the commission of the crime. *Thompson v. State,* Okl.Cr., 438 P.2d 287 (1968). As noted in the presentation of the facts, Mrs. Flasch was able to describe with particularity the clothing worn by the defendant and his distinguishing features, such as his mustache, beard and the olive coloring of his skin.

■ In light of the fact that the defendant had a beard, it is contended that this made the defendant stand out, as he was the only participant in the lineup who had a beard. We observe from the record that after the in court identification was made and before the results of the pretrial lineup were introduced into evidence, an evidentiary hearing out of the jury's presence was held which was in conformance with requirements of *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and *Thompson,* supra. The officer who conducted the lineup prepared a written form listing the description of the participants in the lineup, the officers present, the date, time and location of the lineup, and the fact that the defendant waived his right to counsel at the lineup. In addition to the written form, there were photographs of the participants in the line-

up. The trial court considered these materials and overruled the defendant's objection to the lineup. We have reviewed the record, including the written form and the photographs, and find that there was nothing therein to show the pretrial lineup was suggestive or prejudicial to the rights of the defendant, thus, we find no error by the trial court in admitting the evidence of the pretrial lineup identification of the defendant.

■ In his second and third assignments of error, the defendant claims that the trial court erred in not declaring a mistrial because of an improper response by a witness on cross-examination, and for remarks by the prosecutor in closing argument in regard to the substance of the improper response by the witness. The remark in question was made by Lieutenant Hasler on cross-examination by defense counsel, wherein the following transpired:

"Q. [BY MR. WARD]: A prior witness, the complaining witness, testified as to what the defendant was wearing and that he had a gun. In the course of your investigation did you ever find a gun?

"A. No, sir.

"Q. Did you look for it?

"A. Yes, sir.

"Q. In what way?

"A. Monday morning when I come to work and found out about the robbery I went to his residence where he was staying and he had already left town.

"Q. Did you make any effort to search that place?

"A. *No,* because *I talked to one of his little boys that was staying there and he said he took his gun and his white hat with him.*" (Tr. 38–39)

Defense counsel failed to object when the improper response was made.

The defendant contends that although there was no objection made at trial to the improper response, it was prejudicial to the rights of the defendant and it is unlikely the jury would have found defendant guilty but for the evidentiary harpoon. We disagree. There was substantial evidence presented by the eye-witness victim of the crime as to the guilt of the defendant, and we are of the opinion that without the evidentiary harpoon it is unlikely that the jury would have reached a different conclusion as to the defendant's guilt.

■ Defendant also contends that the following remarks by the prosecutor in closing argument constitutes prejudicial error:

". . . Now, remember that Albert Hasler went to the house the very next Monday after he learned of the case and he went there because of the description and the way this man acted. And remember what he heard there, when he went there, the little boy said that he took his white hat and his gun and he was gone so he's definitely a suspect after that. . . ." (Tr. 61)

We note again that there was no objection entered by defense counsel when this statement was made. When such hearsay is admitted without objection, it may be considered as though it were admissible. *Davis v. State,* Okl.Cr., 451 P.2d 974 (1969). Thus, it was not improper for the prosecutor in his closing argument to comment on evidence that was available to the jury. *Harvell v. State,* Okl.Cr., 395 P.2d 331 (1964). It is our opinion that the comments by the prosecutor did not constitute prejudicial error.

■ Because there were no objections entered by defense counsel in regard to the improper response by the officer and the use of such response in closing argument by the prosecutor, such failure constitutes waiver of any error which might have occurred. *Thomas v. State,* Okl.Cr., 536 P.2d 1305 (1975). Therefore, we deem these two assignments of error to be without merit.

■ In his final assignment of error the defendant contends that his incarceration

**810**

until the day of trial, upon failure to make bond, was a denial of due process. However, no authority or case law was cited for this assignment of error. We have repeatedly held that error must not only be asserted but also supported by both argument and the citation of authority, and where this is not done and the defendant has been deprived of no fundamental right this Court will not search the books for authority to support the mere assertion that the trial court erred. See, *Sandefur v. State*, Okl.Cr., 461 P.2d 954 (1969).

In accordance with Rule 2.12(B) of the Rules of the Court of Criminal Appeals, defense counsel filed a motion for new trial on newly discovered evidence after appeal *was* lodged. There accompanies such motion a sworn affidavit which contains the confession of Billy Wilson, the half brother of the defendant, that he committed the crime for which the defendant was convicted. It is asserted that this confession is newly discovered evidence and the prayer is for this Court to direct an evidentiary hearing to be held in the trial court for consideration of this newly discovered evidence.

Under Rule 2.12(B), this Court may dispose of said motion on the pleadings and accompanying affidavits. After careful review of the motions and materials in support thereof, this Court, on June 28, 1976, ordered an Evidentiary Hearing to allow the defendant to produce evidence in support of his application for new trial on newly discovered evidence. On July 22, 1976, said Evidentiary Hearing was held in the District Court, Logan County, before the Honorable Ray Lee Wall. The transcript of said proceeding was forwarded to this Court along with the findings of fact and conclusions of law by the District Court. In the proceeding, Billy R. Wilson, half brother of the defendant, and Lyla Pickney Kincaid testified in behalf of the defendant. Thelma Flasch and Officer William Clay testified for the State.

Upon careful review of the transcript of the Evidentiary Hearing and of the original trial court proceedings, we are in agreement with the findings and conclusions of the District Court. The victim, Thelma Flasch, did not depart from her identification of the defendant and there were significant discrepancies in the testimony of Billy R. Wilson, all of which support the finding of defendant's guilt in the original trial.

For the reasons set out above, it is the opinion of this Court that a new trial is not warranted. Accordingly, the judgment and sentence appealed from is, hereby, *AFFIRMED*.

BUSSEY and BLISS, JJ., concur.