Wayne Newton PHELPS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-76-240.

Court of Criminal Appeals of Oklahoma.

Jan. 31, 1977.

Pete Silva, Jr., Asst. Public Defender, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Eric Warner, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Wayne Newton Phelps, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tulsa County, Case No. CRF-75-1205, for the offense of Rape in the First Degree, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1114. His punishment was fixed at five hundred and one (501) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial, Dorothy Grewell testified that on June 3, 1975, her daughter, Jacqueline Sue Freeman, the defendant and Jacqueline's daughter, Christy Lynn Freeman, all lived in the same residence; that at approximately 12:30 p. m., the defendant and his mother took Christy shopping with them. She was informed they would be back in about an hour. When they did not return she called defendant's mother and was advised they were on their way home. Christy did not arrive until 8:30 the following morning. Christy had oil on the back of her clothes. Mrs. Grewell gave her a bath and observed blood near her vaginal area. She called the police and Christy was taken to the hospital.

Christy Lynn Freeman, age six, testified that she was with the defendant and his mother the day before she went to the hospital. Defendant took his mother home and they went to Estill Park and stayed all night. She testified that defendant did "something bad" when they had their clothes off. [Tr. 25] Defendant took her home and let her out in the alley.

Detective Danny Darland testified that he investigated the alleged rape of Christy

Freeman which occurred in Estill Park, Tulsa County. He arrested the defendant at his brother's farm.

Dr. Roy Guthrie testified that he examined Christy Lynn Freeman on June 4, 1975, at approximately 9:48 a. m. He observed that her hymen was ruptured with multiple small torn areas. Sperm was found in the vaginal area. He testified that in his opinion she had been forcibly raped.

For the defense, Lou Ann Brand testified that she saw the defendant on June 3, 1975, at her parent's home at approximately 12:30 p. m.; defendant was alone and appeared to have been drinking.

C. B. Brand testified that defendant worked for him. Defendant came to his home alone on June 3, 1975, just after he finished lunch.

Defendant testified that in the first week of June, 1975, he lived with Christy's mother in Mrs. Grewell's basement. He admitted a prior conviction for Shooting with Intent to Kill; that on June 3rd, he took Christy with him to take his mother shopping. He was drinking beer and vodka. After finishing the shopping, he took his mother to her home. He only vaguely remembered going to the Brand residence because he had drunk too much. He did remember taking Christy to Estill Park to check the water level, as he intended to go fishing later. He drank more beer while at the park. Christy played in the park. The next thing he remembered was being in Siloam Springs. He continued to drink and returned to Tulsa the following morning. He went to a friend's home and stayed until the following day. He did not know the police were looking for him until June 6, 1975, at which time he attempted to contact his parole officer. The parole officer told his mother that she should contact him the following Monday and they would go to the police together. He denied raping Christy, even though his memory was vague.

Gary Scott Fewell testified that the defendant came to their house during the first few days in June, 1975, at approximately 8:00 a. m. He spent the day until he left with their mother that evening.

■ Defendant first asserts that the Assistant District Attorney made prejudicial and inflammatory remarks during closing argument. The remarks to which defendant objects are as follows:

"You know, ladies and gentlemen, I have been waiting about three months to have the opportunity of making a closing argument in this case." [Tr. 101]

Defendant argues that these remarks clearly indicated to the jury the Assistant District Attorney's personal opinion of the evidence which appealed to the passion and prejudice of the jury. We disagree. The Assistant District Attorney simply stated that he looked forward to making the closing argument, nothing more. He did not, in any manner, state his personal opinion of the evidence. We have repeatedly held that the right of argument contemplates a liberal freedom of speech, and the range of discussion, illustration and argumentation is wide. Counsel for both the State and the defendant have a right to discuss fully from their standpoint the evidence and the inferences and deductions arising therefrom. See, *Pickens v. State,* Okl.Cr., 450 P.2d 837 (1969) and *Webb v. State,* Okl.Cr., 520 P.2d 825 (1974).

■ Defendant contends, in the final assignment of error, that the sentence imposed is excessive. We again must disagree. We have carefully examined the entire record and find that it is free of any error which would appeal to the jury's passion and prejudice. We have previously recognized that sentences beyond the normal span of an appellant's life are not so excessive as to shock the sense of mankind in that such sentences are for all practical purposes, life sentences. See, *Callins v. State,* Okl.Cr., 500 P.2d 1333 (1972) and *Fields v. State,* Okl.Cr., 501 P.2d 1390 (1972).

Considering the evidence of defendant's guilt of the brutal rape of the six-year-old victim, and that the sentence imposed is, for all practical purposes, a life sentence, we cannot find that the sentence is excessive.

For all of the above and foregoing reasons, the judgment and sentence appealed from, is accordingly *AFFIRMED.*

BLISS, J., concurs.

BRETT, P. J., concurs in results.