**Willie Joe STEELE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–79–402.**

Court of Criminal Appeals of Oklahoma.

June 5, 1981.

James O. Braly, Durant, for appellant.

Jan Eric Cartwright, Atty. Gen., State of Oklahoma, Timothy S. Frets, Asst. Atty. Gen., Mary Bryce Leader, Legal Intern, for appellee.

## OPINION

BRETT, Presiding Judge:

Willie Joe Steele, the appellant, has appealed from two convictions in the District Court of Bryan County. In Case No. CRF–78–129, he was convicted of Rape in the First Degree, and in Case No. CRF–78–133, he was convicted of Assault and Battery With a Deadly Weapon With Intent to Kill. The jury set punishment for the rape charge at fifty (50) years and for the assault and battery charge at twenty (20) years.

Ms. S.R. was barhopping in Denison, Texas, at approximately 11:30 p. m. on November 25, 1978. As she was leaving one bar for another, she met the appellant, whom she recognized as a customer in the bar where she worked. Ms. S.R. agreed to cross the river into Oklahoma with the appellant to go to other bars which stayed open later, but after crossing the Red River, the appellant drove through Colbert and out into the country, where he stopped the car. He then began hitting Ms. S.R. in the face, forcing her at knife point to remove her clothes and get into the back seat. The appellant spent the night and most of the following morning driving around the Oklahoma countryside, stopping periodically to sexually assault Ms. S.R. She testified that he raped her approximately ten (10) times, keeping the knife nearby. Part of the time Ms. S.R. was tied and gagged in the trunk of the appellant's car.

At approximately 11:00 a. m. the next morning, the appellant stopped the car in an open field, taped the victim's hands together and led her to a wooded area, where he taped her arms around a tree. He cut her throat and then released her, telling her she wouldn't make it into town. He got into his car and left. With blood coming out of the wound soaking her clothes, the

victim followed the tire tracks to the dirt road. A passerby soon found her lying beside the road and took her to a hospital.

■ The appellant alleges as the first error that the State failed to properly establish venue in Bryan County. Oklahoma Constitution Art. II, § 20, provides that where uncertainty exists as to the county in which the crime was committed, the accused may be tried in any county in which the evidence indicates that the crime might have been committed. The prosecutrix testified that, prior to the first sex acts, she and the appellant crossed the Red River and came into Oklahoma. Her testimony of the location of the first and second attacks placed her and the appellant northeast of Colbert, but not far from town. Also, the man who found the prosecutrix testified that when he found Ms. S.R., he was approximately one and one-half miles north of Hendrix; and the prosecutrix testified that after the final rape and throat slashing, she walked approximately three-fourths of a mile to the road where Mr. Ebenshade found her. The witnesses' testimonies clearly place all three of these acts in Bryan County. Although Ms. S.R. could not describe the entire route traveled, it is clear that the State acted properly in filing the charges in Bryan County. This assignment of error is without merit.

■ The second assignment of error is a double jeopardy argument. The appellant argues that the rapes and the assault were all part of a single transaction, and that it was error to convict him of two separate crimes. But looking at this case in the light of *Johnson v. State*, 611 P.2d 1137 (Okl.Cr. App.1980), we hold that this case was correctly tried. Since assault and battery and rape are two different crimes, requiring the presentation of different evidence, *Johnson* would allow the State to punish the defendant separately for the two offenses. The appellant was sentenced to fifty years in prison for the rapes and twenty years in prison for the assault and battery.

*Johnson*, supra, requires that all crimes committed during a single episode be tried in a single trial.[1] In the present case all charges were tried at the same trial, therefore this assignment of error is without merit.

■ In his final two assignments of error, the appellant challenges the credibility of Ms. S.R.'s testimony. In the third assignment he claims it is obviously exaggerated, and hence not to be believed; and in the fourth assignment he insists that there should have been corroboration. Contrary to these assertions, however, this Court does not find Ms. S.R.'s testimony to be uncertain, self-contradictory or inherently unbelievable. The credibility of her testimony and alleged exaggerations was for the jury's determination.

As for the question of corroboration, the transcript reveals that a witness found the victim bleeding by the side of the road, a chemist found sperm in a vaginal washing, and an investigator followed the trail of blood from the road to the tree where Ms. S.R. was tied. However, this Court does not need to consider the adequacy of the corroboration because Ms. S.R.'s testimony is not inherently unbelievable. See *Holding v. State*, 568 P.2d 332 (Okl.Cr.App.1977).

The judgments and sentences are Affirmed.

BUSSEY and CORNISH, JJ., concur.

---

1. Had the prosecutor wished to do so, he could have charged the appellant with both offenses in a single information, with two separate counts. We have repeatedly encouraged this practice. See, for instance, *Dodson v. State*, 562 P.2d 916 (Okl.Cr.App.1977), and *Chaney v. State*, 612 P.2d 269 (Okl.Cr.App.1980).