**Harold HENDERSON, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–82–75.**

Court of Criminal Appeals of Oklahoma.

March 28, 1983.

Thomas J. Ray, Jr., Asst. Public Defender, Bill Ellington, Legal Intern, Oklahoma City, for appellee.

Jan Eric Cartwright, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant, Harold Henderson, Jr., received a sentence of life imprisonment upon conviction in the District Court of Oklahoma County of Murder in the First Degree.

On April 20, 1981, an argument and fight ensued between the appellant and the victim, Johnnie Dawkins, after the victim returned home and found the appellant there with his wife, Catherine. Evidence showed that the men fought in the house, then moved outside where the appellant wrestled the victim to the ground and began to cut him on the head and face. The victim managed to free himself and ran toward a church, but was again overpowered by the appellant who stabbed him in the back with a butcher knife.

At trial the State introduced the preliminary hearing transcript of Catherine Dawkin's testimony in which she stated that she saw the appellant cut her husband in the face and stab him in the back. She also stated that when the appellant returned to the house he told her to say that the knifing was in self-defense. At the preliminary hearing she identified the knife used as the one from her kitchen. She also stated that her husband was not armed.

Another State's witness, the pastor of the church across the street from the scene, testified that Johnny Dawkins stumbled into the church saying "Help me, he's cutting me." The pastor then saw the appellant standing at the church door with a knife in hand. The pastor also identified the butcher knife introduced as being similar to the one he saw in the appellant's hand.

In his defense, the appellant testified that the victim had a pocket knife, but that he was able to wrestle it from him. He stated that after he got the knife, he began to stab the victim. On further cross-examination, he claimed the victim had two knives, the pocket knife and the butcher knife. Investigating officers were never able to find at the scene the pocket knife the victim allegedly had.

■ The appellant asserts the record is devoid of evidence of the element of malice aforethought and that the conviction must be reversed. He argues the State's proof failed in that there was no showing he had a motive or had sought out the deceased, and that the fight erupted spontaneously after the victim had ordered the appellant to leave.

The appellant was charged under 21 O.S. 1981, § 701.7(A), which defines malice aforethought as "that deliberate intention unlawfully to take away the life of a human being, which is manifested by external circumstances capable of proof." The element of malice aforethought can be formed instantly preceding the execution of the homicidal act. Title 21 O.S.1981, § 703.

■ Our review of the facts and the relevant authority compel us to reject the appellant's argument. The evidence shows that during the fight the victim twice attempted to run from the appellant, and that following his second attempt to flee, the appellant chased after him and fatally stabbed him in the back four times, which reasonably tends to evidence a design to effect death. The jury was properly instructed on both first degree murder and manslaughter. We therefore hold the circumstances were sufficient to support the finding of malice aforethought and we find no basis to overturn the jury's finding on that issue. Compare with *Short v. State,* 634 P.2d 755 (Okl.Cr.1981), where conviction of first degree murder upheld on facts that appellant shot the female victim twice after he unsuccessfully tried to pull her out of a van. Where there is competent evidence in the record from which the jury could reasonably conclude that the appellant was guilty as charged, this Court will not interfere with the verdict, because it is within the exclusive province of the jury to weigh the evidence and determine the facts. *Short v. State,* supra.

The appellant's only other assignment is that the trial court erred when it allowed the State to introduce the preliminary hearing transcript of Catherine Dawkins, rather than to require her attendance at trial. The appellant candidly admits that trial counsel failed to object to the admission of the evidence. He argues, however, that the alleged error was fundamental since the State failed to make a showing on the record that the witness was actually unavailable despite due diligence and a good faith effort by the State to secure the witness's presence at trial. The only record of the matter is that the trial court stated that "... Catherine Dawkins could not be served with a subpoena within the jurisdiction of this court...."

■ In accordance with the Supreme Court decision of *Barber v. Page*, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968), this Court in *Smith v. State*, 546 P.2d 267 (Okl.Cr.1976), held that when the prosecution seeks to introduce a preliminary hearing transcript in lieu of live testimony, it must sufficiently prove: (1) The actual unavailability of the witness despite good faith and due diligence to secure the presence of the witness at trial; and, (2) that the transcript of the witness' testimony bears sufficient indicia of reliability to afford the trier of fact a satisfactory basis for evaluating the truth of the prior testimony. These minimal constitutional standards require more than issuance of a subpoena and the return of it "not found" to show due diligence in attempting to locate a witness; testimony should be offered as to what efforts, if any, were made to serve the subpoena. *Lavicky v. State*, 632 P.2d 1234 (Okl.Cr.1981).

■ Here there is no record of what efforts the State had undertaken to produce the witness since the State failed to make one, and the Court's ruling on the matter is merely conclusive. Since the right to confrontation may be waived, *Ellis v. Oklahoma*, 428 F.Supp. 254 (W.D.Okl.1976); we are of the opinion that the defense's failure to object to the preliminary hearing testi-mony being read into evidence amounted to a waiver.[1] See, *People v. Pike*, 455 P.2d 776, 78 Cal.Rptr. 672, 71 Cal.2d 595, *cert. denied* 406 U.S. 971, 92 S.Ct. 2417, 32 L.Ed.2d 672 (1969), where defendant's failure to object to use of preliminary hearing transcripts at trial was held to be waiver of Sixth Amendment right of confrontation.

■ Further, the transcript of the witness's testimony bears sufficient indicia of reliability to afford the trier of fact a satisfactory basis for evaluating the truth of the prior testimony. See *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). Appellant's trial counsel had represented him also at the preliminary hearing where he cross-examined the witness, Catherine Dawkins. In his questioning, counsel explored the underlying events in detail: counsel attempted to establish that the victim had been arrested the night before his death in connection with a domestic disturbance in order to show the victim's bad temper; he elicited testimony that the witness did not see who first had the butcher knife; he inquired into the lighting conditions of the area and the distance from which the witness observed the killing; and he further challenged the witness's veracity in regard to the two inconsistent statements she had given police. We therefore find no fundamental error.

Judgment and sentence is AFFIRMED.

BUSSEY, P.J., concurs.

BRETT, J., concurs in results.

---

1. In *Barber v. Page*, supra, the error was pre-served by a timely objection.