**Ricky Joe MILLIGAN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–226.**

Court of Criminal Appeals of Oklahoma.

Aug. 2, 1983.

Rehearing Denied Sept. 1, 1983.

Fred J. Shaeffer, Shaeffer & English, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Alan B. Foster, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

The appellant, Ricky Joe Milligan, was convicted of Rape in the First Degree, in Oklahoma County District Court, Case No. CRF–80–2350, was sentenced to fifty (50) years' imprisonment, and he appeals.

Although the appellant raises four (4) assignments of error on appeal, the general language utilized in his motion for new trial [1] was insufficient to notify the trial

---

1. The motion for new trial reads as follows:

MOTION FOR NEW TRIAL

Now comes Ricky Jo [sic] Milligan, Defendant in the above referenced cause and files this his motion for new trial and as basis would show into the court as follows:

I. That the verdict rendered against him on September 12, 1980, is contrary to law and against the evidence submitted.

judge of the errors now complained of, thereby giving the trial judge no opportunity to cure the alleged errors. We once again emphasize that it is incumbent upon counsel for the defense to state specifically the reasons underlying the motion for new trial to preserve properly the error(s) for appellate review. *Nutter v. State,* 658 P.2d 492 (Okl.Cr.1983). See also, *McDuffie v. State,* 651 P.2d 1055 (Okl.Cr.1982), and cases cited therein. As the errors complained of were not preserved properly for appellate review, we will only review the record for fundamental error.

On the morning of June 9, 1980, Ms. J.V., then six (6) years old, was playing in the yard outside her home. Around 11:00 a.m., a naked man jumped out of his car, grabbed the young girl, put her into the car, and drove off. Her screams alerted her mother, who immediately called the police, and a neighbor who saw the car as it sped from the neighborhood. Shortly after the police had arrived on the scene, Ms. J.V. came running down the street. She told her mother that she had been taken by a man to a nearby park. Her mother then took her to University Hospital, where she underwent a rape examination conducted by a doctor. On the following day, the appellant was arrested by the Oklahoma City Police.

■ In his first assignment of error, appellant contends that the trial court erred in failing to instruct the jury that it was necessary for the State to corroborate the prosecutrix's testimony. A review of the record reveals Ms. J.V.'s testimony to be certain and inherently believable. Therefore, it was not fundamental error for the trial court to fail to instruct on corroboration. Additionally, the Court finds that the prosecutrix's testimony was sufficiently corroborated by the testimony of the officers who investigated the scene, by the testimony of the examining physician, and by the appellant's signed, written confession which was admitted into evidence. We therefore find appellant's contention to be

totally without merit. See, *Steele v. State,* 629 P.2d 1272 (Okl.Cr.1981); *Costilla v. State,* 609 P.2d 788 (Okl.Cr.1980), and cases cited therein.

■ Appellant next argues that the State failed to prove the essential element of penetration. The rule in Oklahoma is that any penetration, no matter how slight, is sufficient to complete the offense. 21 O.S.1981, § 1113. As the prosecutrix testified that actual penetration occurred, the examining physician testified that the perineal area showed some signs of injury, and laboratory tests conducted by a forensic chemist established that seminal fluid was present in the vaginal tract shortly after the incident occurred, this Court finds that the State amply met its burden of proof. See, *Miller v. State,* 629 P.2d 370 (Okl.Cr. 1981); *Wallace v. State,* 620 P.2d 410 (Okl. Cr.1980).

■ In his third assignment of error, appellant argues that the trial court erred in failing to instruct the jury on lesser included offenses. We disagree. The evidence established that he was either guilty of Rape in the First Degree, or not guilty of any other degree of Rape, or any lesser included offense. Under such circumstances the trial court did not err by refusing to instruct on any lesser included offenses. *Ward v. State,* 556 P.2d 275 (Okl.Cr.1976).

■ Appellant asserts in his final assignment of error that the imposed sentence is excessive. We have held consistently that the sentence imposed by the jury will not be modified on appeal unless, under the facts and circumstances of the case, the sentence is so excessive as to shock the conscience of this Court. We observe that the appellant's sentence of fifty (50) years is well within the statutory framework, and in view of the evidence of a sexual attack on a six (6) year old girl, the sentence does not shock this Court's conscience. See, *Phelps v. State,* 559 P.2d 1256 (Okl.Cr.1977).

Wherefore, Defendant prays that the court set aside the verdict rendered in this cause and grant him a new trial.

For the above and foregoing reasons, the judgment and sentence appealed from is AFFIRMED.

CORNISH, J., concurs.

BRETT, J., concurs in results.