John Dean STUDIE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–83–644.

Court of Criminal Appeals of Oklahoma.

Oct. 1, 1985.

William J. Dale, Bartlesville, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Christy J. Caesar, Legal Intern, Oklahoma City, for appellee.

OPINION

BUSSEY, Judge:

The appellant, John Dean Studie, hereinafter referred to as the defendant, was convicted of First Degree Rape and Sodomy, in Rogers County District Court, Case No. CRF–82–233, and was sentenced to twenty-five years' and five years' imprisonment, respectively. He appeals.

L.C., the nine-year-old victim testified that on October 27, 1982, at approximately 4:00 p.m., she left her Tulsa home and went with the defendant, her mother's boyfriend, to visit friends in Skiatook. The visit lasted until 2:00 or 3:00 a.m. During the trip home, the defendant stopped the truck he was driving under a bridge and told L.C. to climb into the truck's attached camper. The defendant then raped and engaged in oral sodomy with the nine-year-old victim.

Afterward, the defendant and his victim slept until 8:00 a.m. Once awoken, they ate breakfast and continued on their return trip. The two arrived at the victim's home around noon. She changed clothes and was then taken to school by the defendant. At school she became sick and was taken home at 2:00 p.m. Shortly after 2:00 the victim told her mother what happened. Thereafter, the mother notified the police.

Dr. Frow testified he examined the young victim at about 4:00 p.m. His testimony disclosed that sexual intercourse was consistent with her physical condition (redness of the vagina was observed and sperm was present within the vagina).

Defendant's first assignment of error urges that the victim's testimony was so improbable that it was insufficient to sustain his conviction. He contends the victim was coached and told what to say in making charges against him. In *Gamble*

*v. State,* 576 P.2d 1184 (Okl.Cr.1978), this Court stated that:

> To authorize a reversal of a conviction of Rape on the grounds that the evidence is too inherently improbable to support a conviction, the improbability of the prosecutrix' testimony must arise from something other than just the question of her believability. The testimony must be of such contradictory and unsatisfactory nature, or the witness must be so thoroughly impeached, that the reviewing court must say that such testimony is clearly unworthy of belief and insufficient as a matter of law to sustain a conviction.

After carefully reviewing the testimony of the victim we conclude her testimony was sufficient evidence to sustain defendant's conviction.

The victim's testimony reveals that although she was told which parts of the body such words as penis and vagina describe, she was not coached as to the substantive aspects of her testimony. Thus, the testimony of the victim was properly given to the jury for their determination of credibility, as it was not inherently improbable, contradictory, or unreasonable. *Martinez v. State,* 569 P.2d 497 (Okl.Cr.1977).

See, *Capps v. State,* 674 P.2d 554 (Okl.Cr. 1984).

In addition, the victim's testimony was sufficiently corroborated by the testimony of Dr. Frow. See, *Milligan v. State,* 668 P.2d 336 (Okl.Cr.1983). This assignment of error is without merit.

█ In his last assignment of error, the defendant claims the doctor's testimony should not have been admitted because it was based on hearsay. The testimony of Dr. Frow was properly admitted as opinion testimony of an expert witness. A doctor's testimony regarding the physical state of a victim has traditionally been allowed when based on his observations. See, 12 O.S. 1981, § 2703.

Accordingly, the judgment and sentence is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.