**Darrell L. BALES, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–89–569.

Court of Criminal Appeals of Oklahoma.

April 3, 1992.

Gloyd L. McCoy, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LANE, Presiding Judge:

Appellant, Darrell L. Bales, was convicted of Second Degree Rape After Former Conviction of a Felony (21 O.S.1981, § 1114) and of Sodomy After Former Conviction of a Felony (21 O.S.1981, § 886) following a trial by jury in District Court of Ottawa County, Case Nos. CRF–88–95 and CRF–88–96. The jury recommended that Appellant serve a term of forty-five years incarceration for each count and the trial court sentenced accordingly. Appellant has brought this appeal challenging his conviction on the basis that the State failed to prove the essential element of penetration in connection with the Rape conviction, that venue was not properly established, that improper hearsay evidence, as well as evidence of other crimes, was wrongfully admitted against him and that the trial court should not have given an instruction on flight. We disagree with these contentions and affirm the conviction.

In his first assignment of error, Appellant claims that his conviction for second degree rape must be reversed because the State did not present evidence which established the statutory element of penetration[1]. Our consideration of this argument will be undertaken in conjunction with a review of the facts underlying the conviction.

Appellant was convicted of having a continuing sexual relationship with A.H., the fourteen year old daughter of his girlfriend. According to the testimony at trial, Appellant had been sexually abusing A.H. for at least two years. When asked at trial what Appellant had done to her, A.H. testified, "He made me fuck him." A.H.'s mother was asked whether she had seen anything unusual between A.H. and Appellant. She answered that "[h]e made love to her." She explained her answer by telling the court that "[h]e screwed her." The mother also testified that Appellant took A.H. to the Miami County Health Department in order to get a prescription for birth control pills.

The State presented testimony from two different doctors, both of which testified that based on her physical condition, they could determine that A.H. had been sexually active. One of the doctors testified that A.H. told him that Appellant was the only person with whom she had engaged in intercourse.

Appellant now claims that none of the evidence establishes the element of penetration which we have so often held is indispensable to a conviction for any degree of rape. *Vaughn v. State*, 697 P.2d 963 (Okl.Cr.1985); *Milligan v. State*, 668 P.2d 336 (Okl.Cr.1983); *Miller v. State*, 629 P.2d 370 (Okl.Cr.1981). In such a situation, we do not require graphic testimony concerning the actual penetration, but will review the evidence as a whole to see if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Simms v. State*, 735 P.2d 344, 346 (Okl.Cr.1987).

In *Commander v. State*, 734 P.2d 313, 315 (Okl.Cr.1987), we held:

Title 21 O.S.1981, § 1113 states that "any sexual penetration, however slight, is sufficient to complete the crime" of rape. Therefore, penetration of the female vagina by the defendant's penis must be proven as an element of the crime.... However, the State is not obligated to "elicit in so many words testimony that the male organ entered to

---

1. We note that although specific questions were asked concerning the penetration element at the preliminary examination there was no attempt to obtain exacting testimony at trial.

some extent the female organ...." The testimony need not be graphic; it is sufficient if there is some testimony to show penetration. (Citations omitted.)

While we do not have specific testimony in this case that there was penetration, we believe that the evidence presented at trial, when taken as a whole, easily satisfies the proof requirements. A.H.'s testimony that the Appellant "fucked" her, while crude, is generally accepted as descriptive of sexual intercourse. Likewise, the mother's testimony that she saw Appellant "make love" to or "screw" A.H. is equally specific when the ordinary meaning of those terms is considered. The addition of the doctor's testimony that sexual penetration had occurred on some number of occasions and that A.H. told him that she had been sexually active with only Appellant adds weight to our conclusion that the evidence, when taken in the light most favorable to the state, supports a finding of guilt on the charge of second degree rape. *See Jones v. State*, 764 P.2d 914 (Okl.Cr.1988); *Milligan v. State*, 668 P.2d 336 (Okl.Cr.1983).

■ Appellant's next argument concerns the venue of the action against him. He claims that the testimony of the victim did not conclusively establish that the crimes occurred in Ottawa County. In light of the victim's unequivocal statement that she was raped in Miami (as noted by Appellant in his brief), it is difficult to give any credence to this claim. In any event, we are unable to find any place in the record where this objection was raised at trial. Accordingly, there is no need to give further consideration to this issue as even potential error has been waived. *Morris v. State*, 363 P.2d 377 (Okl.Cr.1961); *Emerson v. State*, 327 P.2d 505 (Okl.Cr.1958); *Henson v. State*, 317 P.2d 732 (Okl.Cr. 1957).

■ We find the same result is warranted with regard to the issue raised in the third proposition; that the trial court should not have allowed either of the two doctors to testify about statements made to them by A.H. We find that we need not consider this issue on its merits because there was no objection to the testimony entered at trial. We have previously held that violations under the Confrontation Clause are considered waived if there is no objection at the time the evidence is introduced. *Ludlow v. State*, 761 P.2d 1293 (Okl.Cr.1988); *Henderson v. State*, 661 P.2d 68 (Okl.Cr.1983). Certainly the failure to object to the evidence in this case requires a finding in accordance with our prior rulings.

■ In his fourth assignment of error, Appellant claims that evidence of "other crimes," consisting of evidence of repeated sexual occurrences with A.H. over a period of two years, was improperly admitted. While we agree with Appellant's statement of the general rule that evidence of crimes other than those for which the defendant is on trial is neither relevant or admissible to prove that he is guilty of the current offenses, we do not agree with his application of the rule in this case. *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979) overruled in part on other grounds 772 P.2d 922 (1989); *Jett v. State*, 525 P.2d 1247 (Okl.Cr.1974).

We have carved out an exception to this general rule, often applied in cases of sexual abuse, that "when evidence of similar offenses tends to show a system, plan, or scheme embracing the commission of two or more crimes so related to each other that the proof of one tends to establish the other," such evidence is admissible. *Little v. State*, 725 P.2d 606, 607 (Okl.Cr.1986). *See also Wells v. State*, 799 P.2d 1128 (Okl.Cr.1990); *Hancock v. State*, 664 P.2d 1039, 1041 (Okl.Cr.1983); *Huddleston v. State*, 695 P.2d 8, 11 (Okl.Cr.1985). The continuing pattern of abuse involving A.H. supplies a sufficient connection between all of the incidents to allow this testimony to fall into the exception which allows its admission.

■ The final allegation identified for our review concerns an instruction given by the trial court concerning flight. The jury was instructed that if they determined that the Appellant had in fact fled, then his flight could be considered as evidence of his guilt. The instruction was given over Appellant's objection.

Evidence of a defendant's flight has long been held admissible as tending to show consciousness of guilt. *Farrar v. State*, 505 P.2d 1355, 1360–61 (Okl.Cr.1973). When there is any evidence which tends to establish that the defendant has attempted to flee in order to avoid arrest, the giving of an instruction on flight is warranted. *Shipp v. State*, 725 P.2d 1274, 1275 (Okl. Cr.1986). Testimony by A.H.'s mother clearly established that Appellant left the area where he was living and went to another town after he found out that his molestation of A.H. had been reported. (Tr.54.) This evidence is sufficient to justify the court's instruction in this regard.

After review of the errors alleged by Appellant, we are unable to conclude that any error has occurred which requires either reversal or modification of Appellant's sentence. Accordingly, the judgment and sentence is AFFIRMED.

LUMPKIN, V.P.J., and BRETT and PARKS, JJ., concur.

JOHNSON, J., specially concurs.

JOHNSON, Judge, specially concurring:

I write separately to address the appellant's third proposition of error. I find that the majority has improperly characterized the issue as one involving confrontation. However, insofar as A.H. testified at trial and was subject to cross-examination, appellant was not deprived of confrontation. *See Jones v. State*, 781 P.2d 326, 328 (Okl.Cr.1989). Rather, I find the issue to be the admissibility of the doctor's hearsay testimony as to what A.H. told them during her examinations. Properly framed, I find any error in the hearsay to have been waived by appellant's failure to object at trial. *Wilson v. State*, 554 P.2d 806, 809 (Okl.Cr.1976).